Kazol v. Garland

BIA
Douchy, IJ
A206 913 600

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 22nd day of February, two thousand twenty-three.

PRESENT:
>       JOSÉ A. CABRANES,
>       MICHAEL H. PARK,
>       ALISON J. NATHAN,
>             *Circuit Judges.*

———————————————————————————

SANAULLAH KAZOL,
>       *Petitioner*,

>       v.                                21-6131
>                                         NAC

MERRICK B. GARLAND, UNITED
STATES ATTORNEY GENERAL,
>       *Respondent*.

———————————————————————————

**FOR PETITIONER:**          Thomas V. Massucci, Esq., New York, NY.

**FOR RESPONDENT:**          Brian M. Boynton, Acting Assistant Attorney General;

Sabatino F. Leo, Assistant Director; Katie E. Rourke, Trial Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioner Sanaullah Kazol, a native and citizen of Bangladesh, seeks review of a February 26, 2021 decision of the BIA affirming an October 2, 2018 decision of an Immigration Judge ("IJ") denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Sanaullah Kazol*, No. A206 913 600 (B.I.A. Feb. 26, 2021), *aff'g* No. A206 913 600 (Immig. Ct. N.Y.C. Oct. 2, 2018). We assume the parties' familiarity with the underlying facts and procedural history.

We have reviewed both the BIA's and IJ's opinions. *See Yun-Zui Guan v. Gonzales*, 432 F.3d 391, 394 (2d Cir. 2005). We review an adverse credibility determination "under the substantial evidence standard," *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir. 2018), and "the administrative findings of fact are conclusive unless any reasonable adjudicator

2

would be compelled to conclude to the contrary," 8 U.S.C. § 1252(b)(4)(B).

"Considering the totality of the circumstances, and all relevant factors, a trier of fact may base a credibility determination on the demeanor, candor, or responsiveness of the applicant or witness, the inherent plausibility of the applicant's or witness's account, the consistency between the applicant's or witness's written and oral statements . . . , the internal consistency of each such statement, [and] the consistency of such statements with other evidence of record . . . , without regard to whether an inconsistency, inaccuracy, or falsehood goes to the heart of the applicant's claim, or any other relevant factor." *Id.* § 1158(b)(1)(B)(iii). "We defer . . . to an IJ's credibility determination unless, from the totality of the circumstances, it is plain that no reasonable fact-finder could make such an adverse credibility ruling." *Xiu Xia Lin v. Mukasey*, 534 F.3d 162, 167 (2d Cir. 2008); *accord Hong Fei Gao*, 891 F.3d at 76. Kazol alleged that members of the Awami League came to his shop and assaulted him on account of his support for the Bangladesh National Party ("BNP") and beat and killed a

3

friend who was with him. Substantial evidence supports the agency's adverse credibility determination.

The only exhausted issue, and thus the only issue properly before us, is Kazol's challenge to the inconsistency as to what happened to the customers in his store when the members of the Awami League arrived. *Foster v. INS*, 376 F.3d 75, 78 (2d Cir. 2004) ("To preserve a claim, we require petitioner to raise *issues* to the BIA in order to preserve them for judicial review." (quotation marks and brackets omitted)); *accord Quituizaca v. Garland*, 52 F.4th 103, 116 (2d Cir. 2022). However, even if Kazol had exhausted all his arguments, substantial evidence supports the adverse credibility determination.

The IJ reasonably relied on Kazol's demeanor, noting that his testimony was frequently non-responsive and vague, and that many of his answers were confusing. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). We give "particular weight" to this finding because "the IJ has the unique advantage . . . of having heard directly from the applicant." *Majidi v. Gonzales*, 430 F.3d 77, 81 n.1 (2d Cir. 2005) (quotation marks omitted). The IJ was not compelled to assume that Kazol's lack of responsiveness was attributable to something other

4

than a lack of truthfulness, particularly as Kazol confirmed that he understood the questions. *See Gao v. Barr*, 968 F.3d 137, 149 (2d Cir. 2020) (noting that an IJ's observation "that [the petitioner] was sometimes 'non-responsive' to questions . . . can raise concerns that a witness's testimony is based more on a script than on actual experience").

The agency also reasonably relied on inconsistencies in Kazol's statements and between his statements and supporting documents. *See* 8 U.S.C. § 1158(b)(1)(B)(iii). The record reflects inconsistencies as to (1) what happened to the customers in his store when the Awami League attacked; (2) the medical attention Kazol received for his injuries following the alleged attack; and (3) what happened to the body of his friend whom he alleged was killed by the Awami League. The IJ was not compelled to credit his explanations for these inconsistencies, *see Majidi*, 430 F.3d at 80 ("A petitioner must do more than offer a plausible explanation for his inconsistent statements to secure relief; he must demonstrate that a reasonable fact-finder would be *compelled* to credit his testimony." (quotation marks omitted)), and the agency may rely on minor or tangential inconsistencies so long as the totality of the circumstances supports the adverse

5

credibility determination, *Xiu Xia Lin*, 534 F.3d at 167 ("Even where an IJ relies on discrepancies or lacunae that, if taken separately, concern matters collateral or ancillary to the claim, the cumulative effect may nevertheless be deemed consequential by the fact-finder." (quotation marks and brackets omitted)).

The agency also reasonably relied on a lack of reliable corroboration. *See Biao Yang v. Gonzales*, 496 F.3d 268, 273 (2d Cir. 2007) ("An applicant's failure to corroborate his or her testimony may bear on credibility, because the absence of corroboration in general makes an applicant unable to rehabilitate testimony that has already been called into question."). Kazol did not provide letters from the doctor who treated him initially or from the family members or friends who allegedly brought him to the hospital. And the corroboration he did provide—an article and a letter from another doctor—was inconsistent with his testimony.

In sum, the IJ's demeanor finding, the inconsistencies, and the lack of reliable corroboration constitute substantial evidence for the adverse credibility determination. *See* 8 U.S.C. § 1158(b)(1)(B)(iii); *Xiu Xia Lin*, 534 F.3d at 167. The adverse credibility determination is dispositive of

6

asylum, withholding of removal and CAT relief because all three forms of relief were based on the same factual predicate. *See Paul v. Gonzales*, 444 F.3d 148, 156–57 (2d Cir. 2006).

For the foregoing reasons, the petition for review is DENIED. All pending motions and applications are DENIED and stays VACATED.

```
                              FOR THE COURT:
                              Catherine O'Hagan Wolfe,
                              Clerk of Court
```